Lyle I. THOMPSON; Kevin L. Thompson, Plaintiffs— Appellants,

v.

**UNITED STATES DEPARTMENT OF INTERIOR, Defendant—Appellee.**

No. 08–35260.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2009.

Filed June 16, 2009.

Michael Christian, Barry Marcus, Esquire, Marcus Christian & Hardee LLP, Boise, ID, for Plaintiffs–Appellants.

Warren Singleton Derbidge, Esquire, Assistant U.S., Office of the U.S. Attorney, Boise, ID, for Defendant–Appellee.

Before: GOODWIN, O'SCANNLAIN and FISHER, Circuit Judges.

MEMORANDUM *

Appellants Lyle I. and Kevin L. Thompson appeal the district court's order of summary judgment upholding the Interior Board of Land Appeals (IBLA) decision invalidating Appellants' mining and mill site claims. We have jurisdiction under 28 U.S.C. § 1291, review the IBLA's decision under the standard set forth in the Administrative Procedures Act (APA), 5 U.S.C. § 706(2)(A), and affirm.

The expert geologist for the Department of the Interior's Bureau of Land Management (BLM) properly compared the Tincup stone's value to that of common variety minerals other than quartzite that are marketed as building stone. *See Brubaker v. Morton,* 500 F.2d 200, 202–03 (9th Cir. 1974); *Dunbar Stone Co.,* 56 I.B.L.A. 61, 65–66 (1981), *aff'd,* 753 F.2d 1081 (Table) (9th Cir.1985). There is therefore substantial evidence supporting the IBLA's determination that the BLM established a prima facie case that the Tincup stone was of a "common variety" within the meaning of 30 U.S.C. § 611. *See Hjelvik v. Babbitt,* 198 F.3d 1072, 1074–75 (9th Cir.1999); *Rothbard,* 137 I.B.L.A. 159, 171 (1996).

Under the APA, the IBLA has authority to review an Administrative Law Judge's findings de novo. *See* 5 U.S.C. § 557(b); *Hjelvik,* 198 F.3d at 1074, 1076. The IBLA's internal precedent, unlike that of other agencies, does not limit this authority. *See Miller,* 165 I.B.L.A. 342, 377 (2004); *cf. Andrzejewski v. FAA,* 563 F.3d 796, 799 (9th Cir.2009) ("The [National Transportation Safety Board] must leave undisturbed an ALJ's credibility finding unless there is a compelling reason or the finding was clearly erroneous.") (internal quotation marks omitted). The IBLA's decision to credit the opinion of the BLM's expert geologist over the opinions of Appellants' experts was supported by substantial evidence and was not arbitrary, capricious or contrary to law. *Hjelvik,* 198 F.3d at 1074. Accordingly, we affirm.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.