**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MARIE ROSE FINAZZO, | No. 09-70617 |
| Petitioner, | FAA Nos.   SE-18095 |
| | SE-18095 |
| v. | |
| ROBERT A. STURGELL, Acting Administrator of FAA; FEDERAL AVIATION ADMINISTRATION, | MEMORANDUM* |
| Respondents. | |

On Petition for Review of an Order of the
Federal Aviation Administration

Argued and Submitted November 4, 2010
San Francisco, California

Before: THOMAS and IKUTA, Circuit Judges, and SETTLE, District Judge.**

Pilot Maria Finazzo petitions for review of orders issued by the National

Transportation Safety Board ("NTSB") granting the appeal of the Federal Aviation

Administration ("FAA"), reversing the initial decision of the NTSB Administrative

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Benjamin Hale Settle, United States District Judge for the Western District of Washington, sitting by designation.

Law Judge ("ALJ"), affirming the FAA's order revoking Finazzo's Airline Transport Pilot Certificate, and denying reconsideration, entered on October 16, 2008 and January 2, 2009. We grant the petition.

The NTSB's reversal of the ALJ's credibility determination is at odds with the Board's precedents and unsupported by substantial evidence. The Board must defer to an ALJ's credibility finding "unless there is a compelling reason or the finding was clearly erroneous." *Andrzejewski v. FAA*, 563 F.3d 796, 799 (9th Cir. 2009) (quoting *Chirino v. NTSB*, 849 F.2d 1525, 1529-30 (D.C. Cir. 1988)); *see also Roarty*, NTSB Order No. EA-5261, 2006 WL 3472333 at *2 (Nov. 27, 2006) ("[The Board] may not reverse the law judge simply because, on the appellate record, [it] might come to a different conclusion."). This deference reflects the ALJ's function in the adjudicative process: seeing and hearing witnesses, the ALJ is best positioned to evaluate their credibility. *Dillmon v. NTSB*, 588 F.3d 1085, 1090 (D.C. Cir. 2009). Accordingly, the Board rejects testimony accepted by an ALJ when it is "inherently incredible" or "inconsistent with the overwhelming weight of the evidence." *Id.*; *Hodges*, NTSB Order No. EA-5303, 2007 WL 2253336 at *5 (Aug. 1, 2007).

Here, substantial evidence does not support the Board's determination that the record "directly and overwhelmingly contradicts" the ALJ's credibility finding. *Finazzo*, NTSB Order No. EA-5412 (Oct. 15, 2008). First, the Board had little

cause to fault Finazzo for not reporting that she was "diagnosed" with a "[m]ental disorder," as Question 18 requires. The record abundantly supports Finazzo's testimony that Doctor Seberg never shared his notes with her, and Doctor Ingram testified that Finazzo did not have general anxiety disorder. Second, the Board's attempt to discredit Finazzo's reasons for seeing Dr. Ingram rests on thin evidence. Dr. Ingram agreed that Finazzo saw her for job counseling. Finazzo's testimony is not rendered "incongruent" by her anxious appearance in these meetings or Ingram's private speculation about potential future diagnoses. Finally, the Board's decision ignores additional record evidence buttressing Finazzo's credibility. *See Van Dyke v. NTSB*, 286 F.3d 594, 597 (D.C. Cir. 2002). For example, while the FAA presented only hearsay testimony of Dr. Seberg's notes, both of Finazzo's physicians, Doctors Ingram and Young, gave live testimony praising her credibility and honesty.

Because substantial evidence does not support the Board's adverse credibility finding, the NTSB acted arbitrarily and capriciously in finding that the FAA met its burden of establishing that Finazzo intentionally falsified her medical application. In particular, the Board should have deferred to Finazzo's credible explanations for her responses to Questions 18 and 19, which negate the Board's reasons for finding the knowledge element satisfied.

The Board may have other sufficient reasons for finding in favor of the FAA, but we cannot "supply a reasoned basis for the agency's action that the agency itself has not given."  *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

We **GRANT** the petition for review, **VACATE** the Board's orders, and **REMAND** for further proceedings.

*Finazzo v. Sturgell*, No. 09-70617
IKUTA, Circuit Judge, dissenting;

Under the National Transportation Safety Board's precedents, the Board may overturn an ALJ's credibility finding if it is "made in an arbitrary or capricious manner or [is] clearly erroneous," *Administrator v. Babbitt*, NTSB Order No. EA-5496, at 12 (Dec. 30, 2009), such as when it is "inconsistent with the overwhelming weight of the evidence," *Administrator v. Taylor*, NTSB Order No. EA-4509, at 7 (Dec. 23, 1996). In reviewing the Board's decision, we may not substitute our judgment for that of the agency, *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983), and may set aside the Board's determination only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," *Andrzejewski v. FAA*, 563 F.3d 796, 799 (9th Cir. 2009) (quoting Administrative Procedure Act, 5 U.S.C. § 706(2)(A)).

Given our deferential standard of review, the Board could have reasonably determined that the overwhelming weight of the evidence established that Finazzo intentionally made a false representation of material fact with knowledge of its falsity for one or more of the items on her applications for a medical certificate, in violation of both 14 C.F.R. §§ 67.403 and 61.153.

In response to Item 17(a), "do you currently use any medication

(prescription or nonprescription)," Finazzo did not report her ongoing use of Ambien (a sleeping pill) or Ativan (an anti-anxiety drug). Finazzo knew that she was taking those drugs, but testified that in her view, and based on advice that she had received, she thought that she did not need to report her use of them. The ALJ's determination that Finazzo's response was not literally false because at the moment she filled out the form she was not using either medication is wrong as a matter of law, *Richards v. Evans*, NTSB Order No. EA-3679, at 3–4 (Oct. 1, 1992), and therefore the Board was not arbitrary or capricious in rejecting the ALJ's conclusion, *Andrzejewski*, 563 F.3d at 799.

In response to Item 19, which required Finazzo to disclose visits to health professionals within the last three years of the medical application, she did not report her visits to Dr. Seberg or Dr. Ingram. Finazzo testified that she knew that she had to report her visits to Dr. Seberg, but "just forgot" to report her first visit, and believed that she had previously reported other visits and "[did not] need to keep reporting [her] general practitioner." Despite these claims, Finazzo reported visits to Dr. Seberg for a sprained ankle and a cold. Finazzo also stated that she did not think she had to report her visits to Dr. Ingram, a psychiatrist that she was seeing for stress and who prescribed medication to her, because those visits were for "job counsel." Dr. Ingram testified at the hearing that Finazzo's visits were

2

about work-related stress.

Finazzo's answers to Items 17a and 19 were literally false. The record establishes that Finazzo knew that they were false, although she made excuses for her false answers based on her own interpretation of the FAA requirements. It is well-settled that narrow interpretations of the scope of a question do not excuse the failure to disclose required information. *United States v. Culliton*, 328 F.3d 1074, 1079–80 (9th Cir. 2003). Moreover, her non-answers were material. Although we have held that any false statement is material if it could influence the FAA, *see Janka v. NTSB*, 925 F.2d 1147, 1150 (9th Cir. 1991), in this case, Finazzo's answers are material under any standard: the FAA rightly needs to know if pilots, entrusted with the lives of their passengers, are taking mind-altering drugs and are seeing doctors for treatment of mental or physical disabilities.

The overwhelming weight of the evidence establishes that Finazzo falsified her application. Moreover, Finazzo's pattern of evasive explanations and excuses based on faulty memory and narrow interpretations well supports a conclusion that Finazzo was not credible. Accordingly, the Board's rejection of the ALJ's credibility determination was not arbitrary or capricious, nor an abuse of discretion. Therefore, I respectfully dissent.