MEMORANDUM **
Pilot Maria Finazzo petitions for review of orders issued by the National Transportation Safety Board (“NTSB”) granting the appeal of the Federal Aviation Administration (“FAA”), reversing the initial decision of the NTSB Administrative Law Judge (“ALJ”), affirming the FAA’s order revoking Finazzo’s Airline Transport Pilot Certificate, and denying reconsideration, entered on October 16, 2008 and January 2, 2009. We grant the petition.
The NTSB’s reversal of the ALJ’s credibility determination is at odds with the Board’s precedents and unsupported by substantial evidence. The Board must defer to an ALJ’s credibility finding “unless there is a compelling reason or the finding was clearly erroneous.” Andrzejewski v. FAA, 563 F.3d 796, 799 (9th Cir.2009) (quoting Chirino v. NTSB, 849 F.2d 1525, 1529-30 (D.C.Cir.1988)); see also Roarty, NTSB Order No. EA-5261, 2006 WL 3472333 at *2 (Nov. 27, 2006) (“[The Board] may not reverse the law judge simply because, on the appellate record, [it] might come to a different conclusion.”). *243 This deference reflects the ALJ’s function in the adjudicative process: seeing and hearing witnesses, the ALJ is best positioned to evaluate their credibility. Dillmon v. NTSB, 588 F.3d 1085, 1090 (D.C.Cir.2009). Accordingly, the Board rejects testimony accepted by an ALJ when it is “inherently incredible” or “inconsistent with the overwhelming weight of the evidence.” Id.; Hodges, NTSB Order No. EA-5303, 2007 WL 2253336 at *5 (Aug. 1, 2007).
Here, substantial evidence does not support the Board’s determination that the record “directly and overwhelmingly contradicts” the ALJ’s credibility finding. Finazzo, NTSB Order No. EA-5412 (Oct. 15, 2008). First, the Board had little cause to fault Finazzo for not reporting that she was “diagnosed” with a “[mjental disorder,” as Question 18 requires. The record abundantly supports Finazzo’s testimony that Doctor Seberg never shared his notes with her, and Doctor Ingram testified that Finazzo did not have general anxiety disorder. Second, the Board’s attempt to discredit Finazzo’s reasons for seeing Dr. Ingram rests on thin evidence. Dr. Ingram agreed that Finazzo saw her for job counseling. Finazzo’s testimony is not rendered “incongruent” by her anxious appearance in these meetings or Ingram’s private speculation about potential future diagnoses. Finally, the Board’s decision ignores additional record evidence buttressing Finazzo’s credibility. See Van Dyke v. NTSB, 286 F.3d 594, 597 (D.C.Cir.2002). For example, while the FAA presented only hearsay testimony of Dr. Seberg’s notes, both of Finazzo’s physicians, Doctors Ingram and Young, gave live testimony praising her credibility and honesty.
Because substantial evidence does not support the Board’s adverse credibility finding, the NTSB acted arbitrarily and capriciously in finding that the FAA met its burden of establishing that Finazzo intentionally falsified her medical application. In particular, the Board should have deferred to Finazzo’s credible explanations for her responses to Questions 18 and 19, which negate the Board’s reasons for finding the knowledge element satisfied.
The Board may have other sufficient reasons for finding in favor of the FAA, but we cannot “supply a reasoned basis for the agency’s action that the agency itself has not given.” Motor Vehicle Mfrs. Ass’n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983) (quoting SEC v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)).
We GRANT the petition for review, VACATE the Board’s orders, and REMAND for further proceedings.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.