IKUTA, Circuit Judge,
dissenting;
Under the National Transportation Safety Board’s precedents, the Board may overturn an ALJ’s credibility finding if it is “made in an arbitrary or capricious manner or [is] clearly erroneous,” Administrator v. Babbitt, NTSB Order No. EA-5496, at 12 (Dec. 30, 2009), such as when it is “inconsistent with the overwhelming weight of the evidence,” Administrator v. Taylor, NTSB Order No. EA-4509, at 7 (Dec. 23, 1996). In reviewing the Board’s decision, we may not substitute our judgment for that of the agency, Motor Vehicle Mfrs. Ass’n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983), and may set aside the Board’s determination only if it is “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,” Andrzejewski v. FAA, 563 F.3d 796, 799 (9th Cir.2009) (quoting Administrative Procedure Act, 5 U.S.C. § 706(2)(A)).
*244 Given our deferential standard of review, the Board could have reasonably determined that the overwhelming weight of the evidence established that Finazzo intentionally made a false representation of material fact with knowledge of its falsity for one or more of the items on her applications for a medical certifícate, in violation of both 14 C.F.R. §§ 67.403 and 61.153.
In response to Item 17(a), “do you currently use any medication (prescription or nonprescription),” Finazzo did not report her ongoing use of Ambien (a sleeping pill) or Ativan (an anti-anxiety drug). Finazzo knew that she was taking those drugs, but testified that in her view, and based on advice that she had received, she thought that she did not need to report her use of them. The ALJ’s determination that Finazzo’s response was not literally false because at the moment she filled out the form she was not using either medication is wrong as a matter of law, Richards v. Evans, NTSB Order No. EA-3679, at 3-4 (Oct. 1, 1992), and therefore the Board was not arbitrary or capricious in rejecting the ALJ’s conclusion, Andrzejewski, 563 F.3d at 799.
In response to Item 19, which required Finazzo to disclose visits to health professionals within the last three years of the medical application, she did not report her visits to Dr. Seberg or Dr. Ingram. Finazzo testified that she knew that she had to report her visits to Dr. Seberg, but “just forgot” to report her first visit, and believed that she had previously reported other visits and “[did not] need to keep reporting [her] general practitioner.” Despite these claims, Finazzo reported visits to Dr. Seberg for a sprained ankle and a cold. Finazzo also stated that she did not think she had to report her visits to Dr. Ingram, a psychiatrist that she was seeing for stress and who prescribed medication to her, because those visits were for “job counsel.” Dr. Ingram testified at the hearing that Finazzo’s visits were about work-related stress.
Finazzo’s answers to Items 17a and 19 were literally false. The record establishes that Finazzo knew that they were false, although she made excuses for her false answers based on her own interpretation of the FAA requirements. It is well-settled that narrow interpretations of the scope of a question do not excuse the failure to disclose required information. United States v. Culliton, 328 F.3d 1074, 1079-80 (9th Cir.2003). Moreover, her non-answers were material. Although we have held that any false statement is material if it could influence the FAA, see Janka v. NTSB, 925 F.2d 1147, 1150 (9th Cir.1991), in this case, Finazzo’s answers are material under any standard: the FAA rightly needs to know if pilots, entrusted with the lives of their passengers, are taking mind-altering drugs and are seeing doctors for treatment of mental or physical disabilities.
The overwhelming weight of the evidence establishes that Finazzo falsified her application. Moreover, Finazzo’s pattern of evasive explanations and excuses based on faulty memory and narrow interpretations well supports a conclusion that Finazzo was not credible. Accordingly, the Board’s rejection of the ALJ’s credibility determination was not arbitrary or capricious, nor an abuse of discretion. Therefore, I respectfully dissent.