NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 23 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EITAN LEASCHAUER,

Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION; MICHAEL P.
HUERTA, Administrator, FAA,

Respondents.

No.    14-71167

NTSB No. EA-5712

MEMORANDUM[*]

On Petition for Review of an Order of the
National Transportation Safety Board

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Eitan Leaschauer petitions pro se from the National Transportation Safety

Board's ("NTSB") final order affirming the Federal Aviation Administration's

("FAA") order suspending Leaschauer's private pilot certificate for entering Class

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

B airspace without clearance and flying without medical clearance.   We have jurisdiction under 49 U.S.C. § 1153.   We review the NTSB's final order under the arbitrary and capricious standard.   *Gilbert v. NTSB*, 80 F.3d 364, 368 (9th Cir. 1996).   We deny the petition for review.

The NTSB's decision affirming the administrative law judge's ("ALJ") partial summary judgment was not arbitrary or capricious because Leaschauer's answer conceded that the flight in question occurred during an interruption in his medical certification, and that the recreational pilot accompanying Leaschauer was not qualified to act as pilot-in-command.   *See Arrington v. Daniels*, 516 F.3d 1106, 1112 (9th Cir. 2008) (arbitrary and capricious standard requires agency to base decision on consideration of relevant factors and avoid clear error); 49 C.F.R. § 821.17 (setting forth summary judgment standard); 14 C.F.R. § 61.23(a)(3)(i) (medical certificate required to exercise privileges of private pilot certificate).

The NTSB's denial of Leaschauer's motion for summary judgment was not arbitrary or capricious because Leascauer failed to establish that there were no genuine disputes of material fact, particularly with respect to issues of credibility. 49 C.F.R. § 821.17 (setting forth summary judgment standard).

The NTSB's determinations that Leaschauer violated 14 C.F.R. §§ 91.13(a)

14-71167

and 91.131(a)(1) were not arbitrary or capricious because substantial evidence supported the NTSB's finding that Leaschauer entered Class B airspace without clearance from air traffic controllers. *See Arrington*, 516 F.3d at 1112; 49 U.S.C. § 1153(b)(3) ("Findings of fact by the Board, if supported by substantial evidence, are conclusive."); 14 C.F.R. § 91.13 (prohibiting careless or reckless aircraft operation); *id.* § 91.131(a)(1) (clearance required to operate in Class B airspace).

The NTSB's decision to defer to the administrative law judge's credibility determinations was not arbitrary and capricious. *See Andrzejewski v. FAA*, 563 F.3d 796, 799 (9th Cir. 2009) (NTSB must defer to ALJ's credibility findings absent clear error or a compelling reason to do otherwise).

The NTSB's decision to strike Leaschauer's sur-reply brief was not arbitrary or capricious. *See Arrington*, 516 F.3d at 1112; 49 C.F.R. § 821.48(d) (petitioner may not file documents responding to reply brief).

The NTSB's determination that the ALJ did not err by excluding Leaschauer's passenger witness was not an abuse of discretion because Leaschauer moved to withdraw that witness in advance of his hearing.

The NTSB's denial of Leaschauer's motion to disqualify the ALJ was not arbitrary or capricious because Leaschauer failed to show that the ALJ had any

bias or prejudice from an extra-judicial source. *See Adm'r v. Lackey*, NTSB

Order. No. EA-5419 at 11 (2008) (setting forth standard).

We reject as unsupported by the record Leaschauer's contentions that he was

denied due process during the underlying proceedings.

We reject as without merit Leaschauer's contentions regarding misconduct

by the ALJ or NTSB.

All pending motions and requests are denied.

**PETITION FOR REVIEW DENIED.**