NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LARRY K. BEGAY, Administrator of the
estate of Charley Begay,

        Plaintiff-Appellant,

  v.

OFFICE OF NAVAJO & HOPI INDIAN
RELOCATION,

        Defendant-Appellee.

No.   18-15489

D.C. No. 3:16-cv-08229-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted May 17, 2019[**]
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and BATTAGLIA,[***] District
Judge.

Larry Begay ("L. Begay") appeals the district court's grant of summary

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Anthony J. Battaglia, United States District Judge for
the Southern District of California, sitting by designation.

judgment to the Office of Navajo & Hopi Indian Relocation ("ONHIR") affirming the ONHIR's denial of the application for relocation benefits submitted by his father, Charley Begay ("C. Begay"), a member of the Navajo Nation.[1] We review de novo the district court's grant of summary judgment. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017). We review the ONHIR's decision to determine if it was "arbitrary, capricious, an abuse of discretion, . . . otherwise not in accordance with law," or "unsupported by substantial evidence." 5 U.S.C. § 706(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The ONHIR provided "specific, cogent reason[s]" for, and substantial evidence supported, its credibility determinations. *De Valle v. INS*, 901 F.2d 787, 792 (9th Cir. 1990) (quotation omitted). C. Begay struggled to clearly recall certain dates and expressly indicated that he had memory difficulties due to his advanced age. C. Begay's daughter-in-law did not move into his home until years after the pertinent time period. Even though L. Begay and his brother testified inconsistently as to certain facts and could not recall other information, the ONHIR did not expressly call into question their credibility. In light of the substantial deference afforded to such agency determinations, we observe no reversible error.

The ONHIR's analysis of the merits of the benefit application seemingly

---

[1] C. Begay passed away during the pendency of proceedings, and L. Begay substituted as party in interest.

accepted as true the relevant facts testified to by these witnesses. The ONHIR nonetheless concluded that C. Begay failed to meet his burden of proving that, "as of December 22, 1974," he and his family were "legal residents" of Old Branch, which was later designated Hopi Partitioned Land. 25 C.F.R. §§ 700.97(a), 700.147(b). There is no dispute that in the spring of 1974 the Begay family transferred its primary residence from Old Branch to Whitewater, which was later designated Navajo Partitioned Land. If Old Branch and Whitewater constituted a single "traditional use area" as of December 22, 1974, C. Begay would be treated as a legal resident of the entire area and would therefore be entitled to relocation benefits.

However, the ONHIR concluded that the Begay family's use of the two properties as of December 22, 1974 was not "traditional" because they first resided full-time at Old Branch for several years, and then moved nearly full-time to Whitewater, while using a cornfield at Old Branch for the 1974 growing season. L. Begay argues this ruling is inconsistent with the ONHIR's grant of benefits to other, similarly situated applicants who resided on traditional use areas. Even assuming these non-precedential, individualized rulings somehow constitute established practice limiting the agency's discretion, the ONHIR's decision here was neither contrary to that practice, nor was it otherwise arbitrary or capricious. *See Andrzejewski v. FAA*, 563 F.3d 796, 799 (9th Cir. 2009). In each of the cited

3

decisions, the applicant's family, unlike the Begay family, continuously used all of their properties in the same manner for many years prior to 1974. And, again unlike the Begay family, each of those families either occupied each property for a roughly proportional amount of time each year or spent at least a full season on each property every year. In those cases, as here, the ONHIR focused on evidence of land use *prior to* the December 22, 1974 regulatory cutoff to determine whether a traditional use area existed at that time. *See* 25 C.F.R. § 700.147.

Finally, the ONHIR drew reasonable inferences from the Joint Use Area Roster, which, along with other evidence, substantiated the residency determination. The ONHIR also reasonably relied on the testimony of the Bureau of Indian Affairs official discussing the accuracy, thoroughness, and reliability of that survey. L. Begay's challenges to these aspects of the ONHIR's determination are without merit.

**AFFIRMED.**