**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PAUL CONNORS,

*Petitioner*,

v.

NATIONAL TRANSPORTATION
SAFETY BOARD; MICHAEL P.
HUERTA, Administrator, Federal
Aviation Administration,

*Respondents*.

No. 15-70333

NTSB No. SE-19621

OPINION

On Petition for Review of an Order of the
National Transportation Safety Board

Submitted November 9, 2016[*]
Pasadena, California

Filed January 4, 2017

Before: Marsha S. Berzon and Jacqueline H. Nguyen,
Circuit Judges, and Jack Zouhary,[**] District Judge.

Opinion by Judge Nguyen

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

## SUMMARY***

### National Transportation Safety Board

The panel denied a petition for review of a decision of the National Transportation Safety Board affirming an order of the Federal Aviation Administration revoking petitioner's aircraft registration certificate.

Petitioner admitted to the FAA that he used his aircraft to transport marijuana. The FAA revoked his registration certificate because "the aircraft was used to carry out, or facilitate, an activity that is punishable" as a drug-related felony. 49 U.S.C. § 44106(b)(1)(A). Separate state court criminal proceedings against petitioner were then dismissed after the trial court suppressed the drug evidence found on his plane. Petitioner argued that § 44106 did not apply to him because, in light of the suppression order, his act was no longer "punishable."

The panel held that under the statute's plain language, the proper inquiry was whether the "activity" is "punishable," not whether the certificate holder is at risk of being punished. Because the activity—transporting marijuana—was punishable as a felony, petitioner's certificate was properly revoked even though he may no longer have been subject to punishment under state law.

---

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Robert J. Hajek, Esq., Del Mar, California, for Petitioner.

Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Mark B. Stern and Katherine Twomey Allen, Attorneys, United States Department of Justice, Washington, D.C. for Respondent Michael P. Huerta.

**OPINION**

NGUYEN, Circuit Judge:

Paul Connors petitions for review of a National Transportation Safety Board ("NTSB") decision affirming an order of the Federal Aviation Administration ("FAA") revoking his aircraft registration certificate. Connors admitted to the FAA that he used his aircraft to transport marijuana. The FAA revoked his registration certificate because "the aircraft was used to carry out, or facilitate, an activity that is punishable" as a drug-related felony. 49 U.S.C. § 44106(b)(1)(A). Separate, state court criminal proceedings against Connors were dismissed after the trial court suppressed the drug evidence found on his plane.

Connors argues that § 44106 does not apply to him because, in light of the suppression order, his act is no longer "punishable." Under the statute's plain language, however, the proper inquiry is whether the "activity" is "punishable," not whether the certificate holder is at risk of being punished. Because the activity—transporting marijuana—was punishable as a felony, Connors's certificate was properly revoked even though he may no longer be subject to punishment under state law.

**I.**

Connors flew his Lancair aircraft to a municipal airport in Portales, New Mexico.  When he landed, law enforcement personnel searched the aircraft and found 15 pounds of marijuana.  He was charged in state court with possession of marijuana with intent to distribute.  N.M. Stat. Ann. § 30-31-22(A)(1).  The district attorney dismissed the charges with prejudice after the trial court found the search warrant invalid and suppressed the evidence.

After the evidence was suppressed but before the criminal charges were dismissed, the FAA revoked Connors's aircraft registration certificate for his knowing use of the aircraft to transport marijuana in violation of 49 U.S.C. § 44106(b)(1).  In response, Connors admitted that he "knowingly transported" the marijuana but appealed the FAA's revocation order on the basis of the state court's suppression order.

It was while the administrative proceedings were pending before an NTSB administrative law judge ("ALJ") that Connors's criminal case was dismissed.  The ALJ affirmed the FAA's revocation order, and, after Connors appealed, the NTSB affirmed the ALJ's decision.

**II.**

Section 44106 authorizes the FAA to revoke an aircraft registration certificate for a controlled substance violation.  Appeals from a revocation order are heard by the NTSB.  49 U.S.C. §§ 1133(2), 44106(d).  We have jurisdiction to review the NTSB's decision pursuant to 49 U.S.C. § 1153(a).

Review of an NTSB decision is governed by the Administrative Procedure Act, 5 U.S.C. § 706. *Andrzejewski v. FAA*, 563 F.3d 796, 799 (9th Cir. 2009). We may set aside the decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* (quoting 5 U.S.C. § 706(2)(A)). We review legal questions de novo. *Janka v. Dep't of Transp.*, 925 F.2d 1147, 1149 (9th Cir. 1991). We apply *Chevron* deference, however, to the agency's interpretation of the statute it administers. *See Donnelly v. FAA*, 411 F.3d 267, 271 (D.C. Cir. 2005) (citing *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984)) (determining whether FAA reasonably interpreted "use" in 49 U.S.C. § 44710(b)(2) to revoke airman's certificate).

Under *Chevron*, "we are prohibited from substituting our 'own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency'" when Congress has not directly addressed the provision's meaning. *Redmond-Issaquah R.R. Pres. Ass'n v. Surface Transp. Bd.*, 223 F.3d 1057, 1061 (9th Cir. 2000) (quoting *Chevron U.S.A., Inc.*, 467 U.S. at 844). If, on the other hand, "the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *The Wilderness Soc'y v. U.S. Fish & Wildlife Serv.*, 353 F.3d 1051, 1059 (9th Cir. 2003) (en banc) (quoting *Chevron*, 467 U.S. at 842–43).

## III.

In general, an aircraft may not be operated in the United States unless it is registered. 49 U.S.C. § 44101(a). Upon a successful application, the FAA issues a certificate of registration to the aircraft's owner. *Id.* § 44103(a). The FAA may revoke a registration certificate, however, if the

aircraft is knowingly used for felonious drug-related activity:

> [T]he [FAA] shall issue an order revoking the certificate of registration for an aircraft . . . if [it] finds that—(A) the aircraft was used to carry out, or facilitate, *an activity that is punishable* by . . . imprisonment for more than one year under a law . . . related to a controlled substance . . . ; and (B) the owner of the aircraft permitted the use of the aircraft knowing that the aircraft was to be used for the activity . . . .

49 U.S.C. § 44106(b)(1) (emphasis added).

Connors argues that "punishable" means that "there must at least be the *possibility* of conviction and imprisonment" under the law, and the suppression of the evidence from his plane foreclosed any chance of his conviction.[1] (Emphasis added). The NTSB concluded that under the plain language of the statute, "punishable" refers to the "proscribed activity"—not, as Connors would have it, a "person" or his specific "act." Applying that concept to Connors, the agency noted that transporting marijuana, which Connors admitted he "knowingly" did, was an "activity [that] carried with it

---

[1] Connors also argued to the NTSB that his act was not punishable because the criminal charge was dismissed with prejudice. The NTSB rejected that argument, and he does not appeal the decision on that ground.

the possibility of more than one year imprisonment" under New Mexico law.**²**

We agree that § 44106(b)(1) plainly connects "punishable" to the "activity," such that an aircraft certificate may be revoked regardless of whether the certificate holder could be convicted for "carry[ing] out" or "facilitat[ing]" the activity. Notably, the statute applies where a third party conducts the punishable activity, as long as the owner knows that the aircraft was used for the activity. *See* 49 U.S.C. § 44106(b)(1)(B). This third-party scenario, express in the statute, confirms that the statute applies whether or not the aircraft owner is at risk of criminal punishment. Nothing in the statutory language ties the revocation of an aircraft's registration certificate to the possibility of a successful criminal prosecution of the owner.

Moreover, the statute provides an exception for acquittals that would be unnecessary if Connors's interpretation were correct. The FAA may not revoke the registration of a certificate holder who "is acquitted of all charges related to a controlled substance in an indictment or information arising from the [felonious drug-related] activity." 49 U.S.C. § 44106(e)(1). If "punishable" required "the possibility of conviction and imprisonment," an acquittal would categorically exclude such possibility, *see* U.S. Const. amend. V; *Evans v. Michigan*, 133 S. Ct. 1069, 1074 (2013) ("[T]he Double Jeopardy Clause bars retrial following a court-decreed acquittal . . . ."), and § 44106(e)(1) would serve no purpose. We avoid

---

**²** When the FAA revoked Connors's certificate, distribution or possession with intent to distribute marijuana was punishable under New Mexico law by imprisonment for 18 months or more. *See* N.M. Stat. Ann. §§ 30-31-22(A)(1), 31-18-15(A).

constructions that render a statutory provision superfluous. *Hart v. McLucas*, 535 F.2d 516, 519 (9th Cir. 1976).

Even if the statute's meaning were not clear on its face, the NTSB reasoned, and we agree, that the legislative history leaves no doubt that Congress intended to give the FAA authority to revoke a registration certificate even in situations where a criminal conviction is not possible. Congress enacted this provision as part of the Aviation Drug-Trafficking Control Act, Pub. L. No. 98-499, § 4(a), 98 Stat. 2312 (1984). The conference report explains that the FAA can "proceed against individuals who have engaged in activities which are prohibited by state or federal drug laws, but who have not been convicted of a drug law offense," such as when "an airman is not convicted because of technicalities which apply to criminal proceedings but not to administrative proceedings involving loss of a license."[3] H.R. Rep. No. 98-1085, at 9 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3920, 3992. The report continues:

---

[3] This statement addressed a similar provision with the same language authorizing the FAA to revoke an airman certificate—a type of license—for felonious drug-related activity. *See* 49 U.S.C. § 44710(b)(2) ("The [FAA] shall issue an order revoking an airman certificate . . . if [it] finds that—(A) the individual knowingly carried out an activity punishable, under a [felony] law . . . related to a controlled substance . . . ; (B) an aircraft was used to carry out or facilitate the activity; and (C) the individual served as an airman, or was on the aircraft, in connection with carrying out, or facilitating the carrying out of, the activity."). The conference report notes that "[t]he procedures to be followed" in both provisions "are similar." H.R. Rep. No. 98-1085, at 12. An "airman" is a "pilot, mechanic, or member of the crew" who "command[s]" or "navigates aircraft when under way" or a person "who is directly in charge of inspecting, maintaining, overhauling, or repairing aircraft, aircraft engines, propellers, or appliances" or "who serves as an aircraft dispatcher or air traffic control-tower operator." 49 U.S.C. § 40102(a)(8).

> It should be clearly understood that the reference to existing criminal law applies only to the elements of the violation. We do not intend to require [the] FAA or NTSB to follow criminal law procedures or standards of proof. These matters will be determined by general principles of administrative law applicable to license [and registration] revocation cases.

*Id*.

## IV.

Whether the suppression of the evidence against Connors precluded his conviction is irrelevant. He knowingly allowed his plane to be used to transport marijuana, an "activity" that was punishable by imprisonment for more than one year. The FAA properly revoked his registration certificate.

**PETITION FOR REVIEW DENIED.**