**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES M. FEJES, Jr., | No. 22-70129 |
| *Petitioner*, | FAA No. SE-30550 |
| v. | |
| FEDERAL AVIATION ADMINISTRATION, | OPINION |
| *Respondent*. | |

On Petition for Review of an Order of the
National Transportation Safety Board

Argued and Submitted October 19, 2023
San Francisco, California

Filed April 22, 2024

Before: Michael Daly Hawkins, Ryan D. Nelson, and
Daniel P. Collins, Circuit Judges.

Opinion by Judge R. Nelson

# SUMMARY[*]

## Federal Aviation Administration

The panel denied James Fejes's petition for review of the National Transportation Safety Board's order affirming the Federal Aviation Administration ("FAA")'s revocation of his pilot certificate under 49 U.S.C. § 44710(b)(2).

Fejes held a pilot certificate issued by the FAA under 49 U.S.C. § 44703, and at least three times piloted an aircraft to transport and distribute marijuana to retail stores within Alaska. Fejes argued that his conduct fell outside of § 44710(b)(2)'s reach.

The panel rejected Fejes's argument that the FAA lacked jurisdiction to revoke his pilot certificate because Congress cannot authorize an administrative agency to regulate purely intrastate commerce like marijuana delivery within Alaska. Airspace is a channel of commerce squarely within congressional authority. Therefore, Congress can regulate Fejes's conduct, which involved use of a navigable airspace, as a channel of interstate commerce. Aircraft are also instrumentalities of interstate commerce.

The panel also rejected Fejes's argument that his conduct was exempt under FAA regulation 14 C.F.R. § 91.19. The FAA did not rely on 14 C.F.R. § 91.19 to revoke Fejes's pilot certificate, and the FAA need not comply with an exception to a regulatory prohibition when it did not allege any regulatory violation occurred.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Finally, the panel rejected Fejes's argument that the FAA misinterpreted § 44710(b)(2). First, the panel held that § 44710(b)(2) was mandatory, as evident from the plain text, and the FAA did not exceed its statutory power by revoking Fejes's pilot certificate. Second, a criminal conviction is unnecessary for a certificate revocation under § 44710(b)(2). Section 44710(b)(2) does not require a finding that Fejes knew that his conduct was "punishable" under law, but only that he knowingly engaged in activity that was punishable under 21 U.S.C. § 841. Fejes admitted that he knowingly piloted an aircraft to distribute marijuana within Alaska. State law legalizing marijuana distribution did not negate federal law criminalizing the same action.

Accordingly, the panel concluded that the FAA's revocation of Fejes's pilot certificate was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## COUNSEL

Lance C. Wells (argued), Law Offices of Lance C. Wells P.C., Anchorage, Alaska; Darryl L. Jones, Law Office of Darryl L. Jones, Palmer, Alaska; for Petitioner.

Daniel Aguilar (argued), United States Department of Justice, Civil Division, Appellate Staff, Washington, D.C.; Casey E. Gardner, Senior Attorney, Aviation Litigation Division, Office of the Chief Counsel, Federal Aviation Administration, Washington, D.C.; for Respondent.

## OPINION

R. NELSON, Circuit Judge:

James Fejes transported marijuana—which is legal under Alaska law but a controlled substance under federal law—by aircraft within Alaska. After an investigation, the Federal Aviation Administration revoked his pilot certificate under 49 U.S.C. § 44710(b)(2). Fejes petitions for review of the National Transportation Safety Board's order affirming the Federal Aviation Administration's revocation. We deny the petition for review.

I

Alaska voters approved a ballot measure in 2014 that decriminalized the possession, cultivation, distribution, and recreational use of marijuana. 2014 Ballot Measure No. 2 (codified at ALASKA STAT. §§ 17.38.010–17.38.900). Following the ballot measure's passage, the Alaska legislature created the Alaska Marijuana Control Board (AMCB) to regulate marijuana use within the state. *See* ALASKA STAT. § 17.38.080.

Petitioner James Fejes was the sole member, manager, and owner of Flying High Investments, LLC, an Alaskan company licensed by the AMCB to operate a marijuana cultivation facility. In some remote parts of Alaska, aircraft are the only mode of delivering goods, including marijuana. Fejes held a pilot certificate issued by the Federal Aviation Administration (FAA) under 49 U.S.C. § 44703. At least three times, Fejes piloted an aircraft to transport and distribute marijuana to retail stores within the state.

The FAA caught wind of Fejes's activities after Alaska's Alcohol and Marijuana Control Office (AMCO) reported

him for violating AMCB regulations.   The marijuana industry is tightly regulated in Alaska with "seed-to-sale" tracking requirements.   Cultivation facilities must prepare manifests using the state tracking system before transporting marijuana to another licensee.   In 2017, ACMO began investigating Fejes for reporting inaccurate information on his manifests.   It later issued Fejes a violation for reporting that he used his personal vehicle to transport the marijuana when he instead used a private aircraft.   AMCO then reported to the FAA that Fejes used the aircraft to deliver marijuana.   After an investigation, the FAA Administrator revoked Fejes's pilot certificate, effective immediately.   The FAA acted under § 44710(b)(2), which mandates that the FAA Administrator "shall" revoke a certificate when a pilot knowingly uses an aircraft for an activity punishable by more than a year's imprisonment under a federal or state controlled substance law.   Distributing marijuana via aircraft is a federal crime under 21 U.S.C. § 841(a), punishable by a term of imprisonment for more than one year.   *See, e.g.*, *United States v. Floyd*, 21 F.3d 1116 (9th Cir. 1994).

Fejes appealed the Administrator's order to an Administrative Law Judge (ALJ), who affirmed the revocation.   He then appealed the ALJ's decision to the National Transportation Safety Board (NTSB), which affirmed the ALJ.   Throughout agency proceedings, Fejes admitted that he piloted an aircraft to distribute marijuana within Alaska, but he argued that his conduct fell outside of § 44710(b)(2)'s reach.   Fejes now petitions this court for review.

## II

We have jurisdiction under 49 U.S.C. § 46110(a). "Review of an NTSB decision is governed by the

Administrative Procedure Act." *Connors v. Nat'l Transp. Safety Bd.*, 844 F.3d 1143, 1145 (9th Cir. 2017). We may hold unlawful and set aside agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). We review legal questions de novo. *See Connors*, 844 F.3d at 1145.

## III

The FAA Administrator revoked Fejes's pilot certificate under § 44710(b)(2), which mandates that he "shall" revoke a certificate when he finds that:

> (A) the individual knowingly carried out an activity punishable, under a law of the United States or a State related to a controlled substance (except a law related to simple possession of a controlled substance), by death or imprisonment for more than one year;
>
> (B) an aircraft was used to carry out or facilitate the activity; and
>
> (C) the individual served as an airman, or was on the aircraft, in connection with carrying out, or facilitating the carrying out of, the activity.

The FAA Administrator found that Fejes's conduct was punishable by more than a year of imprisonment under 21 U.S.C. § 841(a), which prohibits the transportation of marijuana. Fejes still presents multiple arguments for why his conduct falls outside of § 44710(b)(2) and the FAA's reach. These arguments fail.

## A

Fejes argues that the FAA lacks jurisdiction to revoke his pilot certificate because Congress cannot authorize an administrative agency to regulate purely intrastate commerce like marijuana delivery within Alaska. This argument is foreclosed by precedent. The Constitution vests Congress with the power "[t]o regulate Commerce . . . among the several States." U.S. Const. art. I, § 8, cl. 3. The Commerce Clause covers three categories: (1) "the use of the channels of interstate commerce," (2) the protection of "instrumentalities of interstate commerce," and (3) "activities having a substantial relation to interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558–59 (1995).

## 1

Other circuits have held that airspace is a channel of commerce squarely within congressional authority. The Third Circuit has held: "It is beyond dispute that Congress's power over interstate commerce includes the power to regulate use of the nation's navigable airspace, which is a channel of interstate commerce." *Ickes v. FAA*, 299 F.3d 260, 263 (3d Cir. 2002) (rejecting petitioner's challenge that "his flights [were] purely an intrastate recreational activity"); *see also Gorman v. Nat'l Transp. Safety Bd.*, 558 F.3d 580, 586 (D.C. Cir. 2009).

We conclude the same. Channels of commerce are "the interstate transportation routes through which persons and goods move." *United States v. Morrison*, 529 U.S. 598, 613 n.5 (2000) (quoting *United States v. Lankford*, 196 F.3d 563, 571–72 (5th Cir. 1999)). Channels include highways, railroads, and navigable waters. *Pierce County v. Guillen*, 537 U.S. 129, 147 (2003); *Oklahoma ex rel. Phillips v. Guy*

*F. Atkinson Co.*, 313 U.S. 508, 516–18 (1941); *Escanaba & Lake Mich. Transp. Co. v. City of Chicago*, 107 U.S. 678, 682 (1883). Similarly, navigable airspace is an interstate route through which goods move. Therefore, Congress can regulate Fejes's conduct, which involved use of a navigable airspace, as a channel of interstate commerce.

2

Aircraft are also instrumentalities of interstate commerce. *Perez v. United States*, 402 U.S. 146, 150 (1971). Instrumentalities of interstate commerce include "persons or things in interstate commerce, even though the threat may come only from intrastate activities." *Lopez*, 514 U.S. at 558. As the Sixth Circuit explained,

> Instrumentalities of interstate commerce—e.g., cars, trains, airplanes—retain the *inherent potential* to affect commerce, unlike other objects of regulation. Thus, even if a particular activity involving an instrumentality might not, through repetition elsewhere, substantially affect interstate commerce during the moment of regulation, the activity still falls within Category Two because the object of regulation contains the unique capacity to affect commerce at some future point in time.

*United States v. McHenry*, 97 F.3d 125, 127 (6th Cir. 1996) (citation omitted).

We have held that cars are instrumentalities of interstate commerce. *United States v. Oliver*, 60 F.3d 547, 550 (9th Cir. 1995). Even if an airplane, like a car, is mainly used for

intrastate activities, its operations could substantially impact interstate commerce. Thus, Fejes's conduct falls within the second category as well.

3

Fejes also relies on *United States v. Morrison*, 529 U.S. 598 (2000), and *Lopez*, 514 U.S. at 549, to argue that his intrastate transportation does not substantially affect interstate commerce. Because his conduct falls within Congress's power to regulate the channels or instrumentalities of interstate commerce, Congress need not also show substantial effects. And even if that were required, precedent forecloses this argument. In *Gonzales v. Raich*, 545 U.S. 1 (2005), the Supreme Court held that growing marijuana for personal use has a substantial effect on interstate commerce. We see no reason why *Raich* would not control the intrastate marijuana delivery here.

B

Fejes next argues that his conduct is exempt under the FAA's regulation that provides:

> (a) Except as provided in paragraph (b) of this section, no person may operate a civil aircraft within the United States with knowledge that narcotic drugs, marihuana, and depressant or stimulant drugs or substances as defined in Federal or State statutes are carried in the aircraft.

> (b) Paragraph (a) of this section does not apply to any carriage of narcotic drugs, marihuana, and depressant or stimulant drugs or substances authorized by or under any

> Federal or State statute or by any Federal or
> State agency.

14 C.F.R. § 91.19.  Fejes interprets subsection (b) to exempt his activity because Alaska law permits him to transport marijuana.  He thus asserts that the FAA acted unlawfully by ignoring its own regulation.

True, "an agency must abide by its own regulations." *Fort Stewart Schs. v. Fed. Lab. Rels. Auth.*, 495 U.S. 641, 654 (1990).  We are persuaded, however, by the FAA's position that the exception in § 91.19(b) is inapplicable to the circumstances on appeal.  The FAA relied on § 44710(b)(2)—not 14 C.F.R. § 91.19—to revoke Fejes's pilot certificate.  The FAA need not comply with an exception to a regulatory prohibition when it does not allege any regulatory violation occurred.  The FAA did not act unlawfully by not applying the exemption in regulation § 91.19(b).

## C

Finally, Fejes argues that the FAA misinterpreted § 44710(b)(2).  First, he argues that the FAA abused its discretion by revoking his pilot certificate when his conduct did not fall into the enforcement priority categories identified in a memorandum from then-Deputy Attorney General James Cole on marijuana-related prosecutions.  Second, he contends that § 44710(b)(2) requires a conviction before the FAA can revoke a certificate.  Third, Fejes argues that § 44710(b)(2) requires the individual to know that his or her activity was punishable under the law.  Each argument fails.

1

Section 44710(b)(2) is mandatory, as evident from the plain text: "The Administrator *shall* issue an order revoking an airman certificate" if the three listed conditions are met. § 44710(b)(2) (emphasis added). "Shall" indicates mandatory action. *See Alabama v. Bozeman*, 533 U.S. 146, 153 (2001) ("The word 'shall' is ordinarily 'the language of command.'" (citation omitted)). Though other factors, such as the statute's prospective effect on government action and the structure of the statute, may undermine mandatory language, *see Sierra Club v. Whitman*, 268 F.3d 898, 904 (9th Cir. 2001), no adverse indicators are present here.

To the contrary, neighboring provisions support interpreting this section as mandatory. "When a statute distinguishes between 'may' and 'shall,' it is generally clear that 'shall' imposes a mandatory duty." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 172 (2016). Section 44710 makes that distinction and elsewhere uses "may" to reflect permissive action. *See* § 44710(d)(1) ("An individual whose certificate is revoked by the Administrator under subsection (b) of this section *may* appeal the revocation order to the National Transportation Safety Board." (emphasis added)).

Fejes counters that the FAA could have exercised discretion to ignore his violation of § 44710(b)(2). But discretion is just that—discretionary. An agency's enforcement discretion is generally not judicially reviewable. Agencies have enforcement discretion because "[a]n agency generally cannot act against each technical violation of the statute it is charged with enforcing." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). So "when an agency determines not to start enforcement proceedings, there is a

presumption against judicial review of that decision." *Clementson v. Brock*, 806 F.2d 1402, 1404 (9th Cir. 1986). This is because "[t]he agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities." *Heckler*, 470 U.S. at 831–32; *see also Whitman*, 268 F.3d at 903. But "when an agency *does* act to enforce, that action itself provides a focus for judicial review," and the court "review[s] to determine whether the agency exceeded its statutory powers." *Heckler*, 470 U.S. at 832 (emphasis in original).

Because we are reviewing the FAA's action rather than inaction, the certificate revocation is the "focus for judicial review." *Id.* As discussed above and in the following section, the FAA did not exceed its statutory power by revoking Fejes's pilot certificate.

2

A conviction is unnecessary under § 44710(b)(2)(A). The statute requires the individual to commit an "activity punishable" by federal or state law related to a controlled substance, and "punishable" does not require a conviction. *See Punishable*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining punishable as "giving rise to a specified punishment"). Again, neighboring sections provide useful context. Unlike the "punishable" language, the preceding subsection provides for revocation "after the individual is *convicted*, under a law of the United States or a State related to a controlled substance." § 44710(b)(1) (emphasis added). The meaningful difference between "punishable" and "convicted" indicates that subsection (b)(2) does not require a conviction.

Precedent also reinforces this interpretation. In *Connors*, we interpreted a nearly identical requirement in

§ 44106(b)(1), which provides for revocation of an aircraft registration for controlled-substance violations. *See* 844 F.3d at 1145. This section requires that "the aircraft was used to carry out, or facilitate, *an activity that is punishable* by death or imprisonment for more than one year under a law of the United States or a State related to a controlled substance (except a law related to simple possession of a controlled substance)." § 44106(b)(1)(A) (emphasis added). Connors argued that his conduct was not "punishable" because his state court criminal proceedings arising from the same activities were dismissed, so there was no possibility of conviction. *See id.* at 1144. We held that "§ 44106(b)(1) plainly connects 'punishable' to the 'activity,' such that an aircraft certificate may be revoked regardless of whether the certificate holder could be convicted for" the underlying activity. *Id.* at 1146. Fejes has an even weaker argument because no criminal proceedings were dismissed; any punishment was still possible when his license was revoked. Thus, we reach the same conclusion as in *Connors*.

Considering the text, context, and *Connors*'s interpretation of an analogous provision, we hold that a conviction is unnecessary for a certificate revocation under § 44710(b)(2).

### 3

Section 44710(b)(2) does not require a finding that Fejes knew that his conduct was "punishable" under the law, but only that he knowingly engaged in the activity that is punishable under 21 U.S.C. § 841. *Bryan v. United States*, 524 U.S. 184, 192 (1998) ("[T]he knowledge requisite to knowing violation of a statute is factual knowledge as distinguished from knowledge of the law." (citation omitted)). Fejes does not contend otherwise. Nor does he

dispute that he knowingly engaged in the conduct that § 841 proscribes. Throughout the agency proceedings, Fejes admitted that he knowingly piloted an aircraft to distribute marijuana within Alaska. Instead, he argues that, even if his conduct fell within the statute's terms, it was nonetheless not "punishable" under that statute because internal prosecutorial guidance within the U.S. Department of Justice (DOJ) limited the ability to charge Fejes with a violation of § 841. We reject this contention.

Although many states have legalized recreational marijuana, it continues to be a controlled substance federally. *See* 21 U.S.C. § 812. The government has, at times, declined to prosecute certain marijuana crimes as a matter of policy. For example, in 2013, the DOJ issued a memorandum that advised federal prosecutors not to prosecute certain marijuana crimes in states where it was legalized. Memorandum from James Cole, Deputy Att'y Gen., to All United States Attorneys (Aug. 29, 2013); *but see* Memorandum from Jefferson Sessions, Att'y Gen., to All United States Attorneys (Jan. 4, 2018) (rescinding the 2013 memorandum before the FAA's revocation of Fejes's pilot certificate). But the DOJ's decision to exercise prosecutorial discretion does not alter marijuana's status—it remains illegal under federal law. *See* § 812. The public may believe that a state's legalization of marijuana broadly protects marijuana use. But state law legalizing marijuana distribution does not negate federal law criminalizing the same action. *See United States v. Kleinman*, 880 F.3d 1020, 1027 (9th Cir. 2017); *United States v. McIntosh*, 833 F.3d 1163, 1179 n.5 (9th Cir. 2016). And marijuana is still illegal in many contexts under federal law, even in states that provide legal allowances.

## IV

For these reasons, the FAA's revocation of Fejes's pilot certificate was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  In fact, the FAA was required to revoke his certificate under § 44710(b)(2) once the Administrator found the statute was violated.

**PETITION DENIED.**